UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENN GARBUS, on behalf of himself and all others similarly situated,<br><br>                            Plaintiff(s),<br><br>                            -against-<br><br>RICHARD SOKOLOFF D/B/A RICHARD SOKOLOFF ATTORNEY AT LAW; and JOHN DOES 1-25,<br><br>                            Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, GLENN GARBUS, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney(s), alleges against the above-named Defendants, RICHARD SOKOLOFF D/B/A RICHARD SOKOLOFF ATTORNEY AT LAW ("SOKOLOFF"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person, a resident of Huntington Station, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. SOKOLOFF is an attorney licensed in New York with an office located at 990 S. Second Street, Suite 1, Ronkonkoma, New York 11779.

8. Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New York consumers and their successors in interest (the "Class"), who were sent debt collection letters

and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All New York consumers who were sent letters and/or notices from SOKOLOFF concerning a debt originating with a MEDICAL PROVIDER, which included the alleged conduct and practices described herein.

  The class definition may be subsequently modified or refined.

  The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the Defendants violated various provisions of the FDCPA including but not limited to:

        15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(5); 1692e(10); and 1692f *et seq*.

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal

redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to October 25, 2017, Plaintiff allegedly incurred a financial obligation to T. Raphaelson, DDS and A. Sukoff, DDS ("DDS").

16. The DDS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the DDS obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. Plaintiff did not incur the DDS obligation for business purposes.

19. The DDS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. DDS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. On or before October 25, 2017, the DDS obligation was referred to SOKOLOFF for the purpose of collections.

22. At the time the DDS obligation was referred to SOKOLOFF, the obligation was past due.

23. At the time the DDS obligation was referred to SOKOLOFF, the obligation was in default.

24. Defendant caused to be delivered to Plaintiff a letter dated October 25, 2017, which was addressed to Plaintiff. **Exhibit A,** which is fully incorporated herein by reference.

25. The October 25, 2017 letter was sent to Plaintiff in connection with the collection of the DDS obligation.

26. The October 25, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon receipt, Plaintiff read the October 25, 2017 letter.

28. The October 25, 2017 letter provided the following information regarding the DDS obligation:

ACCOUNT #: XXXD10
AMOUNT: $259.40

29. The October 25, 2017 letter stated in part:

> YOUR FAILURE TO PAY YOUR LONG OVERDUE DEBT HAS MADE IT NECESSARY TO REQUEST AUTHORIZATION FOR LEGAL ACTION FROM MY CLIENT A DECISION BY OUR CLIENT IS PENDING. ONLY YOU CAN STOP THE CONTINUANCE OF COLLECTION PROCEEDINGS BY PAYING YOUR BILL IMMEDIATELY.

30. Plaintiff made a payment in the amount of $259.40 for the DDS obligation on July 24, 2017.

31. As of October 25, 2017, there was a $0.00 balance on the DDS obligation.

32. As of October 25, 2017, there was no decision pending by T. Raphaelson, DDS and A. Sukoff, DDS regarding authorization for legal action.

## POLICIES AND PRACTICES COMPLAINED OF

33. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Falsely representing the character, amount or legal status of the obligation;

    (b) Threatening to take any action that cannot legally be taken or that is not intended to be taken; and

    (c) Using false, deceptive or misleading representations or means in connection with the collection of a debt.

34. On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

35. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

36. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

37. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

38. The form, layout and content of Defendant's letter would cause the least sophisticated consumer to be confused as to whether authorization for legal action had been requested and whether that decision was pending as of October 25, 2017.

39. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that authorization for legal action had been requested and that decision was pending as of October 25, 2017.

40. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

41. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

42. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

43. Defendant falsely represented that Plaintiff had failed to pay the DDS obligation as of October 25, 2017.

44. Defendant falsely represented that authorization for legal action had been requested and that decision was pending as of October 25, 2017.

45. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from falsely representing the character, amount or legal status of a debt.

46. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of the DDS obligation as it had been paid as of July 24, 2017.

47. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

48. Defendants violated 15 U.S.C. § 1692e(5) by threatening legal action as the debt collector or creditor did not intend to take such action.

49. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

50. Defendants violated 15 U.S.C. § 1692e(10) by falsely representing that there was still a balance due and owing on the DDS obligation.

51. Defendants violated 15 U.S.C. § 1692e(10) by falsely representing that authorization for legal action on the DDS obligation had been made and that a decision was still pending.

52. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

53. Defendants utilized unfair or unconscionable means to collect or attempt to collect the debt by representing that the amount due could increase due to additional interest or other charges when in fact the amount due would not and did not increase.

54. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

55. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

56. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

57. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

58. Plaintiff and others similarly situated were sent letters which have the propensity to affect their decision-making with regard to the debt.

59. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

60. Plaintiff has suffered damages and other harm as a direct result of the Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: January 2, 2018

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, NY 10017
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# B

*Richard Sokoloff*
*Attorney at Law*
990 S. SECOND STREET-SUITE 1
RONKONKOMA, NY 11779
PH: (631) 696-8545--FAX: 1 (888) 322-9957

GLENN GARBUS                                October 25, 2017

```
CREDITOR: T. RAPHAELSON, DDS & A. SUKOFF, DDS
ACCOUNT #: ████10               PLEASE ASK FOR: MRS. HUNTER
AMOUNT: $259.40                  PH#: 631-696-8545
```

DEAR GLENN GARBUS :

YOUR FAILURE TO PAY YOUR LONG OVERDUE DEBT HAS MADE IT NECESSARY TO REQUEST AUTHORIZATION FOR LEGAL ACTION FROM MY CLIENT. A DECISION BY OUR CLIENT IS PENDING. ONLY YOU CAN STOP THE CONTINUANCE OF COLLECTION PROCEEDINGS BY PAYING YOUR BILL IMMEDIATELY.

KINDLY MAKE ALL CHECKS PAYABLE TO RICHARD SOKOLOFF, ESQ. AND INCLUDE YOUR ACCOUNT NUMBER ON YOUR CHECK.

```
VERY TRULY YOURS,                    VERY TRULY YOURS,

RICHARD SOKOLOFF, ESQ.               ANGELO URSO, ESQ.
M0Y/a2/07/17/17                      M0Y/a2/07/17/17
```

```
------------------------------------------------------------
*FOR YOUR CONVENIENCE, MY OFFICE ACCEPTS CREDIT CARDS. IF YOU *
*PREFER TO PAY BY CREDIT CARD, PLEASE EITHER CALL MY OFFICE AT*
*631-696-8545 OR COMPLETE THE QUESTIONAIRE BELOW AND RETURN   *
*IT TO MY OFFICE                                              *
------------------------------------------------------------
```

AMOUNT YOU WOULD LIKE TO CHARGE $_____.ATTORNEY ACCT #: ████10
NAME AS IT APPEARS ON CREDIT CARD: _____
ADDRESS THAT STATEMENT IS SENT TO: _____
                                   _____

PLEASE CHECK OFF APPLICABLE CREDIT CARD:
AMERICAN EXPRESS _____-DISCOVER _____-MASTERCARD _____-VISA _____

ACCOUNT NUMBER: ____-____-____-____.EXPIRATION DATE ___/___/__
BANK OR CREDIT AGENCY THAT ISSUED THE CREDIT CARD:_____

SIGNATURE:_____.TODAYS DATE:___/___/___

DAY TIME PHONE NUMBER:____-____-_____

**THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

NYC DEPT. OF CONSUMER AFFAIRS #: 2046027-DCA