| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>--------------------------------------------------------X<br>GLENN GARBUS *on behalf of*<br>*himself and all others similarly situated*,<br><br>                          Plaintiff,<br><br>   -against-<br><br>RICHARD SOKOLOFF d/b/a RICHARD<br>SOKOLOFF ATTORNEY AT LAW,<br><br>                        Defendant.<br>--------------------------------------------------------X | **FILED**<br>**CLERK**<br>12/14/2018 2:33 pm<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE**<br><br>**ORDER**<br>18-CV-00585 (JMA) (AKT) |

**AZRACK, United States District Judge:**

       On January 27, 2018, plaintiff commenced this action against defendant for alleged violations of the Fair Debt Collection Practices Act. (ECF No. 1.) On February 28, 2018, defendant was duly served. (ECF No. 6.) On March 1, 2018, Plaintiff's counsel filed a notice of appearance on the docket. (ECF No. 7.)

       On October 10, 2018, the Court issued an Order directing plaintiff to file a status report by October 19, 2018, noting that there has been no activity in this case since March 1, 2018. No status report was filed. On October 31, 2018, the Court issued another Order directing plaintiff to file a status report by November 9, 2018. Plaintiff was warned that failure to respond may result in dismissal of the action for failure to prosecute. To date, plaintiff has not filed a status report or otherwise communicated with the Court. The Court has no reason to doubt that plaintiff's counsel received each Notice of Electronic Filing on this case.

       Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P.

41(b). The Second Circuit considers five principal factors when reviewing a district court's order of dismissal for failure to prosecute:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating the court calendar congestion and protecting the party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Shannon v. Gen. Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999) (quoting Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)). Generally, no single factor is dispositive. Id. at 194.

Plaintiff has failed to respond to both of the Court's Orders. The Court warned plaintiff that failure to respond could result in the dismissal of the case. Plaintiff's failure to comply with the Court's Orders constitute grounds for dismissal. Accordingly, this case is dismissed for failure to prosecute, and the Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: December 14, 2018
Central Islip, New York

                                                  /s/ JMA
                                        Joan M. Azrack
                                        United States District Judge